DRAINAGE DISTRICT NO. 1 OF OTOE AND JOHNSON COUNTIES, APPELLEE, v. MARTHA L. WILKINS ET AL., APPELLANTS.

FILED APRIL 17, 1913.    No. 17,119.

1. **Drainage Districts:** ORGANIZATION: PLEADING. For the purpose of organizing a drainage district, properly verified articles, conforming to statutory requirements and containing a prayer for incorporation, and proper objections by interested landowners may take the place of formal pleadings in a summary proceeding under the drainage law of 1905. Comp. St. 1909, ch. 89, art. IV.

2. ———: ———. The existence of swamp or overflowed lands and a purpose to drain them by means of a feasible drainage system are necessary to the legal organization of a drainage district under the act of 1905. Comp. St. 1909, ch. 89, art. IV.

3. ———: ———: ARTICLES OF INCORPORATION: CORRECTION OF DE-
FECTS. In articles for the incorporation of a drainage district,
defects in statements which the statute does not require to be
inserted in such articles may be corrected by averments in objec-
tions filed in the summary proceeding authorized by the drainage
act of 1905. Comp. St. 1909, ch. 89, art. IV.

APPEAL from the district court for Otoe county: JOHN
B. RAPER, JUDGE. *Affirmed.*

*S. P. Davidson, W. F. Moran* and *D. P. West,* for ap-
pellants.

*George H. Heinke, contra.*

ROSE, J.

This is an application to the district court for Otoe
county to find the facts necessary to the incorporation
of a drainage district including lands in Otoe and John-
son counties. The proceeding was commenced January
29, 1910, under the drainage act of 1905 and the amend-
ments thereof. Comp. St. 1909, ch. 89, art. IV. Articles
of incorporation were filed in the office of the clerk of the
district court, and interested landowners who did not
sign them were served with summons in the manner re-
quired by statute. Some of those thus notified of the pro-
ceeding filed objections to the incorporation of the dis-
trict and to the including of their lands therein. The
district court excluded portions of the lands described in
the proposed articles of incorporation, and overruled the
objections made by the owners of other lands. With a
few tracts of land excluded in the manner indicated, the
drainage district was found to be a public corporation
under the drainage law cited, and those who were unsuc-
cessful in urging their objections have appealed.

Appellants insist that a formal petition or application
was necessary to the organization of the drainage district,
that no such pleading or application was filed in the office
of the clerk of the district court, and that therefore the

findings below are unauthorized. This position is too technical and narrow to conform to either the spirit or the letter of the statute. Articles of incorporation, if properly drawn, may take the place of a petition or application. What they shall contain is pointed out by statute. Comp. St. 1909, ch. 89, art. IV, sec. 1. The articles contain the information required by the act. They are signed by the incorporators, and one of them makes oath that "the facts and allegations therein contained are true, as he verily believes." If a formal application is necessary, it is found in the prayer for incorporation. Each of the appellants appeared in response to a summons and filed objections under the terms of the statute. For the purpose of organizing a drainage district, properly verified articles, conforming to statutory requirements and containing a prayer for incorporation, and objections by interested landowners may take the place of formal pleadings in a summary proceeding under the drainage law of 1905. Comp. St. 1909, ch. 89, art. IV. "All such objections," says the act, "shall be heard by the court in a summary manner, without any unnecessary delay, and, in case such objections are overruled, the district court shall, by its order duly entered of record, duly declare said drainage district a public corporation of this state. The fact that said district shall contain 160 acres or more of wet, overflowed, or submerged lands shall be sufficient cause for declaring the public utility of said improvements, and shall be sufficient grounds for declaring said organization a public corporation of this state. And in case any owner of said real estate shall satisfy the court that his real estate, or a part thereof, has been wrongfully included in said district, and will not be benefited thereby, then the court may exclude such real estate as will not be benefited, and declare the remainder a district as prayed for." Comp. St. 1909, ch. 89, art. IV, sec. 3. The rights of all of the parties to the proceeding were asserted by them and were considered by the trial court. In form, therefore, the articles, for the purposes

of incorporation and of a hearing on the objections, comply with the statute and are sufficient.

It is further asserted that there is no allegation in any pleading, nor in the articles of incorporation, that the lands sought to be included in the drainage district are swamp or overflowed lands, or that the purpose of the drainage district is to reclaim and protect such lands from the effects of water, and that therefore the decree is erroneous. It is true the drainage act is introduced by the following language: "A majority in interest of the owners in any contiguous body of swamp or overflowed lands in this state, situated in one or more counties in this state, may form a drainage district for the purpose of having such land reclaimed and protected from the effects of water, by drainage or otherwise." Comp. St. 1909, ch. 89, art. IV, sec. 1. The act as a whole makes it clear that the existence of swamp or overflowed lands and a purpose to drain them by means of a feasible drainage system are necessary to the legal organization of a drainage district. Comp. St. 1909, ch. 89, art. IV. The argument, however, is untenable for the following reasons: The drainage act is by construction a part of the articles. They contain the statements enumerated in the statute. They fairly show that the necessary amount of land within the district is subject to overflow, and a feasible system of drainage is proposed. The streams and lands in the course of drainage are described in articles declaring a purpose "to reclaim said lands from overflows and floodwaters from said streams;" but, if there is anything wanting in this respect, it is supplied by the objections. Issues involving the feasibility of the proposed drainage system, the overflowing of the lands of appellants, and the benefits to such lands were submitted to the trial court by the articles and the objections. On the issues thus raised several volumes of testimony are found in the bill of exceptions. The parties understood and tried those issues. The facts which the court must find necessary to the existence of a drainage district were raised in the manner

contemplated by statute. The result of the trial would have been the same, had pleadings conforming in every respect to the technical views of appellants been considered.

The sufficiency of the evidence to sustain the findings below is also urged as a ground of reversal, but, for the purpose of organization, the district court properly found that each appellant has an interest in overflowed land which may be benefited by the proposed drainage. In this and other respects the proofs meet the requirements of the statute. There is no error in the proceedings.

AFFIRMED.

REESE, C. J., BARNES and FAWCETT, JJ., concur.

SEDGWICK, LETTON and HAMER, JJ., not sitting.